IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGG PAULSON, #0825838 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv070 |
| JANE DOE 1, ET. AL. | § | |

<u>INITIAL REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Gregg Paulson, a prisoner confined at the Connally Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights occurring at the Michael Unit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns only Paulson's claim against Defendant Mailroom For reasons explained below, the Court recommends that all claims against Defendant Mailroom be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted. By separate order, the Court determines that the remaining Defendants shall answer Paulson's complaint.

**I. Paulson's Complaint**

In his complaint, (Dkt. #1), Paulson alleges that Defendant Mailroom "opened his legal mail, forged Plaintiff's signature, or signed for him" the return receipt inside the envelope, (Dkt. #1, pg. 7). The return receipt explained the time limits for his response and was then forwarded via "truck mail"—and the time limit expired in the interim. Paulson explains that he filed a

1

complaint with the Anderson County Sheriff and the local United States Postal Inspector, but "has not been afforded an information or relief." *Id*. at pg. 8.

Paulson maintains that the actions of the Michael Unit's Mailroom "resulted in actual injury to Plaintiff in that his [right] to access the court to reply and pursue his 1983 action ha[ve] been interfered with, resulting in (1) admission of the Defendants version of the facts, (2) an inability to argue the legal issues, and (3) loss of [the] opportunity to appeal." *Id*. His efforts to pursue a claim, he insists, were impeded—given the "total disregard of the well[-]established rules, policies in the TDCJ Mailroom policy manual." *Id*.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

### III. Discussion and Analysis

The Court understands that Paulson alleges that Defendant Mailroom violated his constitutional right to access the court by opening his legal mail without permission and allowing a unspecified time limit to expire.

Prisoners have the constitutional right to access legal materials, and prison officials may not deny inmates access to courts. *See Clewis v. Hirsch*, 700 F. App'x 347, 348 (5th Cir. 2017) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The Supreme Court has stated that the right encompasses no more than the ability of an inmate to prepare and transmit a *necessary* legal document to the court. *Id*. (citing *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (internal

quotations and footnote omitted)); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (explaining that the right "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.").

However, prisoners must demonstrate an actual injury to demonstrate a violation of this right. *Lewis*, 518 U.S. at 351; *see also Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (explaining that the Supreme Court, in *Lewis*, "held that an inmate alleging denial of access to courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct."). Similarly, a plaintiff claiming a denial of access to courts through mail tampering must show that his legal position has been prejudiced by the alleged mail tampering. *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

When examining whether a plaintiff has experienced "actual injury," the Supreme Court has provided examples of circumstances that might show a denial of access to court:

> [The prisoner] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351; *see also McIntosh v. Thompson*, 463 F. App'x 259, 260-61 (5th Cir. 2012) (unpublished) ("Even if McIntosh's constitutional rights had been restricted, he failed to allege sufficiently that he suffered an injury in fact, which is required to state a claim for denial of meaningful access to courts.").

Importantly, the question is whether the plaintiff's "position as a litigant was prejudiced" as a direct result of the alleged denial. *See, e.g.*, *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (reasoning that "if Eason was pursuing a legal action which necessitated his use of the law library and access to the library was denied, this deprivation could represent a violation of his

constitutional rights."); *Torres v. Bullock*, 2021 WL 2451326, at *4 (S.D. Tex. Apr. 6, 2021) ("In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable or nonfrivolous claim or was prevented from presenting such a claim because of the alleged denial.").

The Fifth Circuit explained that "[d]enial of access claims take one of two forms: forward-looking claims alleging 'that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time,' and backward-looking claims alleging that an official has 'caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.'" *See Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (quoting *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002)).

As an initial matter, the Michael Unit's Mailroom does not have the capacity to be sued. Under the Federal Rules of Civil Procedure, a party to a lawsuit must have the capacity to be sued. Fed. R. Civ. P. 17(b). A department of a local government entity—or a sub-unit of a state agency—must "enjoy a separate legal existence" to be subject to a lawsuit. *See Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). In other words, a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and legal existence. *Id*.

Here, the Michael Unit's Mailroom has no separate legal existence apart from TDCJ. Accordingly, as Paulson offers nothing to suggest otherwise, the Mailroom cannot be sued in its own name. *See Darby*, 939 F.2d at 313; *see also Barrie v. Nueces Cnty. District Attorney's Office*, 753 F. App'x 260, 264 (5th Cir. 2018) ("Neither party cites a law that has authorized the NCDAO to be sued, nor are we aware of any such law."); *Lane v. Athens Police Dep't*, No. 6:05-cv-498,

2006 WL 1049966 at *3 (E.D. Tex. Mar. 24, 2006 ("While he does sue the Henderson County Jail, the jail is not a separate legal entity and cannot be sued in its own name.").

Moreover, Paulson fails to show that he was sufficiently prejudiced—namely, that his legal position was prejudiced by the alleged mail tampering. *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). While he argues that an unspecified deadline expired—or was missed—he fails to illustrate that any unfiled response was necessary or constituted a meritorious, actionable, or nonfrivolous claim. Because Defendant Mailroom is not a suable entity—and Paulson has not sufficiently alleged that he suffered an injury in fact, his claims against Defendant Mailroom should be dismissed for the failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is thus recommended that Plaintiff Paulson's claims against Defendant Mailroom be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 15th day of February, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE