IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GREGG PAULSON, #0825838 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv070 |
| JANE DOE 1, ET. AL. | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Gregg Paulson, a prisoner currently confined at the Connally Unit within the Texas Prison system, proceeding *pro se*, filed this civil rights lawsuit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For reasons explained below, the Court recommends that Paulson's claims against Jane Doe #1 and Jane Doe #2 be dismissed without prejudice.

**I. Paulson's Amended Complaint**

The operative pleading in this proceeding is Paulson's amended complaint, (Dkt. #11). An amended complaint entirely supersedes and takes the place of the original complaint. *See Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736 (5th Cir. 1986). He alleges that two Texas Department of Criminal Justice (TDCJ) security guards, Jane Doe #1 and Jane Doe #2, at the 12 Building at the Michael Unit, violated his constitutional rights on June 24, 2022, (Dkt. #1). Specifically, he alleges that both Defendants confiscated his back brace and medications, and further destroyed his walker. He also claims that both Defendants subjected him to disparate treatment and retaliation.

**II. Procedural History**

Paulson initiated this proceeding on January 23, 2023, (Dkt. #1). On February 15, 2023, the undersigned issued a Report, (Dkt. #5), recommending that Paulson's claims against Defendant

Mailroom be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted. The Court Ordered the remaining Defendants—Jane Doe #1 and Jane Doe #2—to answer or otherwise plead to Paulson's complaint. The Office of the Texas Attorney General (OAG), acting as *amicus curiae*, filed two notices, (Dkt. ## 20, 24), indicating that after a diligent search, the Office could not identify the two Jane Doe defendants—and therefore could not represent them or file an answer on their behalf.

On May 22, 2023, the Court directed Paulson to file a more definite statement—with such personal identifying information he may have regarding the unidentified Defendants. Plaintiff filed his more definite statement, along with an amended complaint—which are the operative pleadings in this lawsuit, (Dkt. #34). He explains that "[b]oth Jane Doe #1 and Jane Doe #2 were female, of heavy build, blondish hair, and white of race," (Dkt. #30, pg. 2). That same day the Court ordered the OAG to respond to Paulson's more definite statement in light of Paulson's identifying information.

The OAG filed a notice, (Dkt. #37), explaining that despite the additional information from Paulson, the Office could not identify the Defendants. As a result, the Court issued an Order for Limited Discovery, (Dkt. #43), specifically so that Plaintiff could ascertain the identities of the unknown Defendants. The Ordered directed the OAG to furnish to Plaintiff Paulson (1) the Michael Unit's employee duty roster for June 24, 2022; (2) any video footage of the incident forming the basis of this lawsuit on June 24, 2022; (3) identification photographs of all female officers on duty at the Michael Unit on June 24, 2022; and (4) any employee sign-in logs for A Pod, 12 Building at the Michael Unit on June 24, 2022.

In response, the Office submitted two notices of compliance, (Dkt. ## 49, 53), explaining that it had sent plaintiff (1) employee sign-in logs for A Pod, 12 Building, (2) any video footage,

(3) 13 photographs of all female officers on duty at the Michael Unit 12 Building, and (4) employee duty-roster for June 24, 2022. Counsel further explained that TDCJ "does not have a sign-in log, only the referenced employee duty roster which has already been provided to plaintiff on November 13, 2023," (Dkt. #53).

Plaintiff then filed a motion for reconsideration, claiming that he presented "indisputable evidence" that the Office is deliberately denying him discovery—specifically complaining about the lack of video footage and sign-in logs, (Dkt. ## 59, 60). The undersigned denied the motion and ordered that plaintiff shall provide the court the names of the two unknown Jane Doe defendants no later than January 31, 2024.

On January 19, 2024, the Office filed its Fourth Notice, (Dkt. #64). It attached an affidavit the custodian of records for the Restrictive Housing Michael Unit, attesting that that no "employee/visitor sign in log book" exists because there "is no retention on this item that has been requested," (Dkt. #63-2). Moreover, the custodian of records with respect to video surveillance, filed a December 2023 sworn affidavit declaring that—despite a search—no video footage exists "for the time period requested," (Dkt. #63-1). The Office explained that the records Paulson seeks, sign-in logs and video footage of the incident, do not exist and that "defendant cannot produce material that does not exist to Paulson," (Dkt. #63, pg. 2). The undersigned ordered Paulson to file the names of the unknown defendants that he intends to sue no later than February 9, 2024, (Dkt. #68). The Court warned Paulson that the failure to comply may result in the dismissal of his case.

Paulson filed a motion for reconsideration for the District Judge. He stated that the undersigned's order for limited discovery allowed identification photographs of all female officers on duty at the Michael Unit on June 24, 2022, (Dkt. #69, pg. 1.). Paulson sought photographs of

3

all female officers on duty at the Michael Unit on June 24, 2022—not just the officers on 12 Building, *Id.* at pg. 3.

On April 16, 2024, United States District Judge Barker construed Paulson's motion for reconsideration as objections to the undersigned's Order pursuant to Rule 72(a) and overruled them—explaining that a district court's obligation is only to provide plaintiff an opportunity to conduct limited discovery to aid him in identifying unknown defendants. Judge Barker highlighted that the OAG provided Paulson with (1) identification photographs of all female officers on duty at the 12 Building on June 24, 2022, and (2) the employee-roster for the Michael Unit on June 24, 2022.

Given that Paulson's lawsuit concerns an alleged incident occurring on 12 Building involving two female officers on June 24, 2022, Judge Barker reasoned that Paulson failed to explain, much less show, how he remained unable to identify the two Jane Doe Defendants despite receiving photographs of female officers on duty where the incident allegedly occurred and an entire employee roster for the day in question. In other words, photos of female officers at the 12 Building on June 24, 2022—and an entire employee roster—are both responsive and relevant to Plaintiff's allegations as he states them.

To date, however, Paulson has not identified the two Jane Doe Defendants. His deadline to do so was extended to February 9, 2024. He repeatedly insists that the OAG has not responded to the undersigned's Order for Limited Discovery—arguing that he should be able to view photographs of all the female officers at the Michael Unit on June 24, 2022.

### III. Discussion and Analysis

Paulson's lawsuit must be dismissed without prejudice. Despite providing him with numerous discovery items to that he could ascertain the identifies of the two unknown Jane Doe

Defendants, to date, Paulson has not filed the names of the unknown Jane Doe defendants.

It is well-settled that while a district court may relieve a *pro se* plaintiff of the burden to serve process, "it remains his responsibility to locate the defendants and submit their addresses to the court." *See Isringhouse v. Travis*, 2020 WL 3272209, at *2 (N.D. Tex. May 28, 2020) (internal citations and quotations omitted); *see also Boyer v. Taylor*, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) ("While *in forma pauperis* status confers entitlement to issuance and service of process, *see* 28 U.S.C. § 1915(d), … a district court has no duty to assist a plaintiff in locating a defendant's address for purpose of service of process … [I]ndeed, it is the plaintiff's responsibility to provide the proper address of the defendants to complete service.") (citing *Barnes v. Nolan*, 123 F. App'x 238, 249 (7th Cir. 2005)); Fed. R. Civ. P. 4(c)(3).

Here, as explained to Paulson throughout this proceeding, where the identity of defendants is unknown, a *pro se* plaintiff should be given an opportunity—through limited discovery—to ascertain the identities of the unknown defendants. *See Colle v. Brazos Co., Tex.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993). In *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992), the plaintiff sued unknown defendants—and the case was dismissed as frivolous for his failure to name the defendants. The Fifth Circuit remanded the case back to the district court with instructions to permit the plaintiff limited discovery, "information that would enable Murphy to identify his alleged attackers—e.g. duty rosters and personnel records—may be readily obtainable." *Id*.

Conversely, in *Mendenhall v. White*, 2010 WL 958043, at *12 (E.D. Tex. Feb. 19, 2010), this Court ordered the disclosure of records to the plaintiff to allow him to identify the unknown defendants as contemplated in *Murphy*. In response to the Order, the OAG provided both initial and supplemental disclosures, including shift rosters for the relevant date in question. Moreover, the OAG undertook efforts to assist the plaintiff by ascertaining the identities of the individuals

involved. But the plaintiff was unable to identify the individuals allegedly involved in the incident forming the basis for his lawsuit. The case was dismissed, without prejudice, as a result.

Here, as in *Mendenhall*—but unlike *Murphy*—Paulson was provided discovery so that he could identify Jane Doe #1 and Jane Doe #2. Among other discovery, he received 13 photographs of all the female officers on duty at the Michael Unit 12 Building on June 24, 2022—as well as the employee duty-roster for June 24, 2022, (Dkt. #63, pg. 2). Such information could enable Paulson to identify the Jane Doe Defendants. *See Murphy*, 950 F.2d at 293 (highlighting that items such as duty rosters and personnel records may enable a plaintiff to identify a defendant).

Paulson explicitly explained that the incident forming the basis of his lawsuit occurred on June 24, 2022, on the 12 Building at the Michael Unit, and that the unknown defendants are female officers. But Paulson does not adequately explain—if the incident occurred on 12 Building of the Michael Unit on June 24, 2022, and involved two female officers—why photographs of all female officers assigned to 12 Building that very day **and** an entire duty roster is insufficient to enable him to ascertain their identities. As mentioned, the district court's obligation is to provide Plaintiff with an opportunity through limited discovery to identify the unknown defendant(s). The Court's obligation is not to search and locate unnamed defendants.

Instead, as Judge Barker noted, here Paulson seeks photographs of all female officers assigned to the Michael Unit, (Dkt. #69, pg. 3). He is not entitled to engage in a fishing expedition. The bottom line is that Paulson has been provided discovery to assist him in identifying the two unnamed female officers and he has had ample time in which to review these records and determine their identities, if possible. *See Laumann v. Heidorn*, 371 F. App'x 670, 672 (7th Cir. 2010) (per curiam) ("A *pro se* prisoner may be excused from his initial inability to name his adversaries, but at some point he must discover their identities and have them served."). The district court is not

6

required to wait indefinitely to take steps to identify and serve unknown defendants. *See Fiqueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998).

The Court ordered Paulson to supply the addresses of the unknown Jane Doe Defendants to the Court no later than February 9, 2024; he has been provided documents and records through limited discovery to ascertain their identities—but has not done so. Accordingly, Paulson's claims against Jane Doe #1 and Jane Doe #2 should be dismissed, without prejudice. In the interests of justice, moreover, the Court should suspend the statute of limitations in this case for a period of 90 days from the date of Final Judgment.

## RECOMMENDATION

It is thus recommended that Paulson's claims against Defendants Jane Doe #1 and Jane Doe #2 be dismissed, without prejudice. The Court further recommends that the statute of limitations in this proceeding be suspended for a period of 90 days following the date of Final Judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 5th day of June, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE