UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00070

**Gregg Paulson,**
*Plaintiff,*

v.

**Jane Doe 1 et al.,**
*Defendants.*

**ORDER**

Plaintiff Gregg Paulson, an inmate confined in the Texas Department of Criminal Justice (TDCJ) proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit. He sues Jane Doe #1 and Jane Doe #2 (medical officials), the Mailroom at TDCJ's Michael Unit, and TDCJ. Doc. 32. This case was referred to United States Magistrate Judge K. Nicole Mitchell.

The magistrate judge previously recommended that defendant Mailroom be dismissed with prejudice because non-jural entities do not have the capacity to be sued in civil actions and plaintiff failed to plead facts indicating that he was prejudiced by any violation of his right to access the court. Doc. 5; *see Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991).

Furthermore, in an effort to aid plaintiff in identifying the two unknown Jane Doe defendants, on October 10, 2023, the magistrate judge issued an order for limited discovery directing defendants to furnish to plaintiff (1) the Michael Unit's employee duty roster for June 24, 2022; (2) any video footage of the incident forming the basis of this lawsuit on June 24, 2022; (3) identification photographs of all female officers on duty at the Michael Unit on June 24, 2022; and (4) any employee sign-in logs for A Pod, 12 Building at the Michael Unit on June 24, 2022. Doc. 43.

In response, the Texas Office of the Attorney General (OAG) submitted two notices of compliance explaining that it had sent plaintiff (1) employee sign-in logs for A Pod, 12 Building; (2) any

video footage; (3) 13 photographs of all female officers on duty at the Michael Unit 12 Building; and (4) an employee-duty roster for June 24, 2022. Docs. 49, 53. Counsel further explained that TDCJ "does not have a sign-in log, only the referenced employee duty roster which has already been provided to Plaintiff on November 13, 2023." Doc. 53 at 1 n.1. Given these discovery materials provided to plaintiff, the magistrate judge ordered plaintiff to identify the two unknown defendants he intended to sue no later than February 9, 2024. Doc. 68.

But plaintiff continued to complain that the OAG was not complying with the court's order, insisting that he required photographs of all female officers on duty at the Michael Unit on June 24, 2022. Doc. 70 at 2. The court denied his motion for reconsideration, highlighting that plaintiff failed to provide valid justification for seeking photographs of all female officers. Doc. 75.

On June 5, 2024, because plaintiff failed to identify the two unknown defendants by the deadline, the magistrate judge issued a report recommending that plaintiff's claims against defendants Jane Doe #1 and Jane Doe #2 be dismissed without prejudice. Doc. 79.

Plaintiff filed a motion for the appointment of counsel and objections to the report. In his motion, plaintiff claimed that "TDCJ supplied over 100 pages of photos of females on Michael Unit on that day" but that "[t]he OAG sent only 13 photos out of all of them." Doc. 80 at 1. He further claimed that he clearly identified the two unknown defendants as "white, blondish females," but that "[t]he photos the OAG sent were, except for one, all black females, with one possibly Hispanic female." *Id.* at 2.

The magistrate judge ordered counsel for the OAG to respond to plaintiff's contentions. Doc. 81. In response, counsel states that the OAG "only provided Paulson with 13 photos of the individuals that were working the unit—in his assigned building—as ordered by the Court" and that it "is unclear where Paulson gathered such information to make this claim," as the OAG was never in possession of over 100 photographs. Doc. 84. Moreover, counsel represents that the OAG provided photographs of the relevant female officers as

ordered and that it "does not control the race of the individuals working at the time of the alleged incident." *Id.* Relevant here, counsel further explains that the photographs provided to plaintiff "contain two photos of two white female officers assigned to his unit on the day of the alleged incident." *Id.*

In his objections, plaintiff reiterates his claim that he is entitled to photographs of all female officers on duty at the Michael Unit on the day of the alleged incident. Doc. 83. With respect to defendant Mailroom, plaintiff states that he made a "mistake" and argues that he was prejudiced because once he had an attorney in a separate lawsuit, cause number 6:22-cv-00002, "he was not allowed to file anything in said case." Doc. 13 at 2.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Plaintiff's objections are overruled. At times, a district court is obligated to provide plaintiff an opportunity to conduct limited discovery to aid in identifying the unknown defendants. *See Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992). The docket reflects that plaintiff has had ample time and opportunity to name the unknown Jane Doe defendants. He has been provided with discovery to aid him in identifying the defendants—he is not entitled to a fishing expedition.

The discovery provided to plaintiff—namely, the photographs of female officers on duty in 12 Building of the Michael Unit on the day of the alleged incident and an employee roster—was responsive to the court's orders and fell within the scope of his allegations. Because plaintiff has been provided an opportunity to conduct discovery and remains unable to name the unknown Jane Doe defendants, his claims against them must be dismissed. *See Laumann v. Heidorn*, 371 F. App'x 670, 672 (7th Cir. 2010) (per curiam) ("A pro se prisoner may be excused from his initial inability to name his adversaries, but at some point he must discover their identities and have them served.").

Plaintiff's objections regarding defendant Mailroom are similarly without merit. The magistrate judge was correct in finding that the mailroom cannot be sued. And plaintiff's objections regarding his inability to file pleadings in a separate proceeding nonetheless do not overcome that the mailroom is a non-jural entity.

Having reviewed the magistrate judge's reports de novo, the court accepts its findings and recommendations. Plaintiff's claims against defendant Mailroom are dismissed with prejudice; plaintiff's claims against defendants Jane Doe #1 and Jane Doe #2 are dismissed without prejudice.

Additionally, plaintiff concedes that TDCJ is not a defendant. Doc. 85 at 3. In any event, the claims against TDCJ lack merit because TDCJ is an instrumentality of the state of Texas and therefore has sovereign immunity from suit. *See Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Accordingly, the claims against TDCJ are dismissed without prejudice. *See* 28 U.S.C. § 1915A(b)(2). All pending motions are denied as moot.

*So ordered by the court on August 19, 2024.*

J. CAMPBELL BARKER
United States District Judge